FILED

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 OCT 20  P 1: 28

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

STEVEN D. POFF,
*On behalf of himself and all
others similarly situated,*

Plaintiff,

v.

FAIR COLLECTIONS &
OUTSOURCING, INC.

Defendant.

_____/

Case No. 3:10-cv-974-J-99MMH-JRK

**ORIGINAL CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## NATURE OF ACTION

1. This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This action arises under 15 U.S.C. § 1692k(d). This Court has original jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Steven D. Poff ("Plaintiff") is a natural person who at all relevant times resided in State of Florida, City of Jacksonville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Fair Collections & Outsourcing, Inc. ("Defendant"), is a foreign[1] profit corporation, with its principal address situated at 12304 Baltimore Ave., Ste. E, Beltsville, Maryland 20705. Defendant may be served by and through its registered agent: Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida 32301-2525.

7. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. On or about July 8, 2010, Defendant initiated a telephone call to Plaintiff's telephone line, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, and left a voice message/voice recording stating:

> Hi this message is for Steven Poff, this is Jack Hamilton, gimme a call back today. The phone number is 12403745417. When

---

[1] Florida Department of State Division of Corporations FEI/EIN Number 201867386.

calling I do need to refer to a file number which is 3385777.

(Exhibit A).

12. On or about July 17, 2010, Defendant initiated a telephone call to Plaintiff's telephone line, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, and left a voice message/voice recording stating:

> Hi this message is for [pause] Steven Poff, this is Jack Hamilton, please gimme a call back today. You can reach me at 12403745417. When calling please refer to reference number 3385777.

(Exhibit B).

13. On or about July 27, 2010, Defendant initiated a telephone call to Plaintiff's telephone line, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, and left a voice message/voice recording stating:

> Hi this message is for Steven Poff, this is Jack Hamilton, gimme a call back today. The phone number is 12403745417. When calling refer to our file number 3385777. Gimme a call today, I'll be in the office till 6pm. My name is Jack Hamilton.

(Exhibit C).

14. Defendant, as a matter of pattern and practice, leaves voice messages/voice recordings with and/or for alleged debtors using language substantially similar or materially identical to that utilized by Defendant in leaving a voice message/voice recording with and/or for Plaintiff.

## CLASS ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in the Eleventh Circuit who, within one year before the date of this complaint, received a voice message/voice recording from Defendant in connection with an attempt to collect any consumer debt, where the voice message/voice recording was substantially similar or materially identical to the messages delivered to Plaintiff.

16. The proposed class specifically excludes the United States of America, the states of the Eleventh Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

17. The class is averred to be so numerous that joinder of members is impracticable.

18. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

19. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

20. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. §1692 *et. seq.*; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

21. The claims of Plaintiff are typical of those of the class she seeks to represent.

22. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

23. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

24. Plaintiff will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class(es).

25. Plaintiff is willing and prepared to serve this Court and proposed class.

26. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

27. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

28. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

29. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

30. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant

has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

31. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

32. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32.

34. 15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \*
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

35. Title 15 U.S.C. § 1692d(6) prohibits the placement of telephone calls without meaningful disclosure of the caller's identity. Specifically, the caller must accurately disclose the name of her employer and the nature of her business and conceal no more than her real name." *Breeders v. Gulf Coast Collection Bureau, Inc.*, No. 8:09-cv-00458-EAK-AEP, 2010 WL 2696404 (M.D. Fla., July 6, 2010) (*citing Hosseinzadeh v. M.R.S. Assoc., Inc.*, 387 F.Supp.2d 1104, 1112 (C.D. Cal.2005); *accord Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

36. A debt collector fails to meet the standards prescribed by 15 U.S.C. § 1692d(6) where it fails "to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt." *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763 *5 (S.D. Cal. 2010).

37. "15 U.S.C. 1692d(6) applies 'equally to automated message calls and live calls.'" *Hosseinzadeh*, 387 F. Supp. 2d at 1115 (C.D. Cal. 2005), citing *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158 (N.D. Cal. 2002).

38. "The Eleventh Circuit adapted the [least sophisticated consumer standard] when dealing specifically with alleged violations under Section 1692d, which is entitled 'Harassment or Abuse.' In such cases, the alleged violations 'should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse.'" *Breeders*, 2010 WL 2696404 at *3 (M.D. Fla.) (*citing Jeter*, 760 F.2d at 1173).

39. None of the three recorded voice-messages described herein state (1) Defendant's business name, or (2) the nature of Defendant's business.

40. Defendant violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendant violated 15 U.S.C. § 1692d(6).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 40.

42. 15 U.S.C. § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(11) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43. Defendant violated 15 U.S.C. § 1692e(10) by leaving Plaintiff voice messages/voice recordings not only vague enough to provoke a recipient to return the calls in haste, but which would deceptively entice a consumer to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendant violated 15 U.S.C. § 1692e(10).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 43.

45. 15 U.S.C. § 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply

to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

46. Under § 1692e(11), a debt collector must disclose in the initial written communication, and in the initial oral communication if the initial communication is oral, that he is attempting to collect a debt and that any information obtained will be used for that purpose. Further, a debt collector must disclose, in all subsequent communications, that the communication is from a debt collector. *See e.g. Schwarm v. Craighead*, 552 F.Supp.2d 1056, 1081-82 (E.D. Cal. 2008) (finding that the defendant was required to include the disclosure that the communication was from a debt collector in all eleven subsequent communications between the defendant creditor and the plaintiff debtor).

47. Voice mail messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Berg v. Merchants Assoc. Collection Div., Inc.*, 586 F. Supp. 2d 1336 (S.D. Fla. 2008), citing *Belin v. Litton Loan Servicing, LP*, 8:06-cv-760-T-24 EAJ, 2006 WL 1992410, at *4-5 (M.D. Fla. July 14, 2006) ("since the purpose of the message is to get the debtor to return the call to discuss the debt . . . the messages left on [plaintiff's] answering machine constitute communications that can support a violation of § 1692e(11)"); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 (holding that a voice mail message is a "communication" under the FDCPA).

48. "[T]he Act does not guarantee a debt collector the right to leave answering machine messages." *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1354 (11th Cir. 2009) (affirming summary judgment in favor of plaintiff under § 1692e(11), and rejecting affirmative defense of *bona fide* error: "It was not reasonable for [defendant] to violate § 1692e(11) of the Fair Debt Collection Practices Act with every message it left in order to avoid

the possibility that some of those messages might lead to a violation of § 1692c(b)").

49. Defendant repeatedly left voice messages for Plaintiff that only gave the name of "Jack Hamilton," a phone number to call, a file number to reference, and directions to have Plaintiff call that number.

50. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Determining that this action is a proper class action, certifying Plaintiff as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

    b. Adjudging that Defendant violated 15 U.S.C. § 1692e(11).

    c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

    d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

    e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

    f. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

51. Plaintiff is entitled to and hereby demand a trial by jury on all counts.

DATED: October __16__, 2010, and respectfully submitted.

                                WEISBERG & MEYERS, LLC
                                By: /s/ Alex Weisberg
                                Alex Weisberg
                                FBN: 0566551
                                5722 S. Flamingo Rd, Ste. 656
                                Cooper City, FL 33330
                                (954) 212-2184
                                (866) 577-0963 fax
                                aweisberg@attorneysforconsumers.com

*Attorneys for Plaintiff STEVEN F. POFF*